UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

PAMELA DENT,

Plaintiff,

v.

RELIANCE STANDARD LIFE
INSURANCE COMPANY,

Defendant.
______________________________________)

**COMPLAINT**

The Plaintiff, PAMELA DENT ("DENT"), by and through her undersigned counsel, hereby sues RELIANCE STANDARD LIFE INSURANCE COMPANY ("RELIANCE"), and alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. DENT brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. DENT was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. RELIANCE is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and is transacting business in the Southern District

of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, RELIANCE, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

**FACTUAL ALLEGATIONS**

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to DENT by RELIANCE.

6. DENT was at all times material an employee of JRD Management.

7. DENT was at all times material a plan participant under the JRD Management Group Long Term Disability Insurance Program, Group Policy No. LSC 106958 (the "LTD Plan"), which was issued to JRD Management and pursuant to which DENT is entitled to benefits. A copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. RELIANCE is the insurer of benefits under the LTD Plan and was appointed by JRD Management, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, RELIANCE administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, RELIANCE is not entitled to a deferential standard of review.

11. RELIANCE is the fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made on DENT's claim at issue.

12. Pursuant to the terms and conditions of the LTD Plan, DENT is entitled to LTD benefits

for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

13. According to the LTD Plan, disability is defined as follows:

> CLASS 2: "Totally Disabled" and "Total Disability" mean, that as a result of an Injury or Sickness:
>
> (1) during the Elimination Period and for the first 24 months for which a Monthly Benefit is payable, an Insured cannot perform the substantial and material duties of his/her regular occupation;
>
> (a) "Partially Disabled" and "Partial Disability" mean that as a result of an Injury or Sickness an Insured is capable of performing the substantial and material duties of his/her regular occupation on a part-time basis or some of the substantial and material duties on a full-time basis. An Insured who is Partially Disabled will be considered Totally Disabled, except during the Elimination Period;
>
> (b) "Residual Disability" means being Partially Disabled during the Elimination Period. Residual Disability will be considered Total Disability; and
>
> (2) after a Monthly Benefit has been paid for 24 months, an Insured cannot perform the material duties of any occupation. Any occupation is one that the Insured's education, training or experience will reasonably allow. We consider the Insured Totally Disabled if due to an Injury or Sickness he or she is capable of only performing the material duties on a part-time basis or part of the material duties on a Full-time basis.

14. At all relevant times, DENT complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

15. Since approximately April 29, 2008 DENT has been disabled under the terms of the LTD Plan.

16. Since on or about April 29, 2008, as a result of injury or sickness, DENT has been unable to perform the substantial and material duties of her regular occupation.

17. Since on or about April 29, 2008, as a result of injury or sickness, DENT has been unable to perform the material duties of any occupation, as defined by the LTD Plan.

18. At all relevant times, DENT has been under the regular care and treatment of a physician.

19. At all relevant times, DENT was a Covered Person under the LTD Plan.

20. Shortly after becoming disabled, DENT made a claim to RELIANCE under the LTD Plan

for disability benefits which RELIANCE initially approved and paid until December 26, 2014.

21. By letter dated January 14, 2015, RELIANCE denied DENT'S continued claim alleging DENT was no longer disabled.

22. DENT timely and properly submitted an appeal of RELIANCE's January 14, 2015 adverse determination.

23. By letter dated January 7, 2016, RELIANCE upheld its previous decision to deny DENT'S claim beyond December 26, 2014.

24. From December 27, 2014 to the present date, DENT has not received benefits owed to her under the LTD Plan, despite DENT's right to these benefits.

25. RELIANCE has refused to pay DENT's LTD benefits since December 26, 2014.

26. At all relevant times, RELIANCE was the payer of benefits.

27. At all relevant times, RELIANCE was the "Insurance Company" identified throughout the LTD Plan.

28. At all relevant times, RELIANCE was appointed by JRD Management, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

29. At all relevant times, DENT has been and remains Disabled and entitled to LTD benefits from RELIANCE under the terms of the LTD Plan.

30. DENT has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

31. DENT incorporates Paragraphs 1 through 30 as if fully set forth herein.

32. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

33. Pursuant to 29 U.S.C. §1132(a)(1)(B), DENT, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

34. DENT has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of RELIANCE's failure to pay her disability benefits.

35. DENT has exhausted all administrative remedies under the LTD Plan.

36. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to DENT at a time when RELIANCE knew, or should have known, that DENT was entitled to those benefits under the terms of the LTD Plan, as DENT was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of DENT's claim for LTD benefits;

(c) After DENT's claim was terminated in whole or in part, RELIANCE failed to adequately describe to DENT any additional material or information necessary for DENT to perfect her claim along with an explanation of why such material is or was necessary.

(d) RELIANCE failed to properly and adequately investigate the merits of DENT's disability claim and failed to provide a full and fair review of DENT'S claim.

37. DENT believes and thereon alleges that RELIANCE wrongfully terminated her claim for disability benefits under the LTD Plan by other acts or omissions of which DENT is presently unaware, but which may be discovered in this future litigation and which DENT will immediately make RELIANCE aware of once said acts or omissions are discovered by DENT.

38. Following the termination of benefits under the LTD Plan, DENT exhausted all administrative remedies required under ERISA, and DENT has performed all duties and obligations on her part to be performed under the LTD Plan.

39. As a proximate result of the aforementioned wrongful conduct of RELIANCE, DENT has damages for loss of disability benefits in a total sum to be shown at the time of trial.

40. As a further direct and proximate result of this improper determination regarding DENT's claim for benefits, DENT, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), DENT is entitled to have such fees and costs paid by RELIANCE.

41. The wrongful conduct of RELIANCE has created uncertainty where none should exist, therefore, DENT is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, PAMELA DENT prays for relief against RELIANCE STANDARD LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;
2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;
3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;
4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;
5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and
6. Such other and further relief as this Court deems just and proper.

DATED: February 15, 2016

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Alexander A. Palamara*

ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com